# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

MELODY J. ROSE,

        Plaintiff,

    v.                                          Case No. 09-CV-142

STEPHEN M. CAHEE,
FOND DU LAC REGIONAL CLINIC, S.C.,
and AGNESIAN HEALTHCARE, INC.,

        Defendants.

## PROTECTIVE ORDER

Upon review of the information contained in the Joint Preliminary Report and Proposed Discovery Plan ("Joint Report") filed by the parties, and in particular paragraph 10 of the Joint Report, the Court finds that good cause has been shown for entry of a protective order regarding the confidentiality of all documents produced in the course of discovery, all answers to interrogatories, all answers to requests for admission and all deposition testimony.

**IT IS ORDERED** that:

(1) Designation of confidential information must be made by placing or affixing on the document in a manner which will not interfere with its legibility the word "CONFIDENTIAL." One who provides material may designate it as "CONFIDENTIAL" only when such person/entity in good faith believes it contains trade secrets or nonpublic technical, commercial, financial, personal, or business

information. Except for documents produced for inspection at the party's facilities and documents produced by third parties pursuant to an authorization for the release of medical records signed by the plaintiff, the designation of confidential information must be made prior to, or contemporaneously with, the production or disclosure of that information.

   (i) In the event that documents are produced for inspection at the party's facilities, such documents may be produced before being marked confidential. Once specific documents have been designated for copying, any documents containing confidential information will then be marked confidential after copying but before delivery to the party who inspected and designated the documents. There will be no waiver of confidentiality by the inspection of confidential documents before they are copied and marked confidential pursuant to this procedure.

   (ii) All documents obtained by the defendants from third parties pursuant to authorizations for the release of medical records signed by plaintiff shall be considered confidential and appropriately marked by the defendants as "CONFIDENTIAL" pursuant to paragraph 6 of this Stipulated Protective Order. There will be no waiver of confidentiality by the receipt of confidential documents before they are marked confidential pursuant to this procedure. Upon written request

from any defendant, plaintiff will not unreasonably withhold permission to remove the confidentiality designation of any document designated "CONFIDENTIAL" pursuant to this subsection.

(2) Portions of depositions of a party's present and former officers, directors, employees, agents, experts, and representatives must be deemed confidential only if they are designated as such when the deposition is taken.

(3) Information or documents designated as confidential under this Protective Order must not be used or disclosed by the parties or counsel for the parties or any persons identified in Subparagraph (4) for any purposes whatsoever other than preparing for and conducting the litigation in which the information or documents were disclosed (including appeals). The parties must not disclose information or documents designated as confidential to putative class members not named as plaintiffs in putative class litigation unless and until one or more classes has been certified.

(4) The parties and counsel for the parties must not disclose or permit the disclosure of any documents or information designated as confidential under this Protective Order to any other person or entity, except that disclosures may be made in the following circumstances:

(i) Disclosure may be made to employees of counsel for the parties who have direct functional responsibility for the preparation and trial of the lawsuit. Any such employee to whom counsel for the

3

parties makes a disclosure must be advised of, and become subject to, the provisions of this Protective Order requiring that the documents and information be held in confidence.

(ii) Disclosure may be made only to employees of a party required in good faith to provide assistance in the conduct of the litigation in which the information was disclosed who are identified as such in writing to counsel for the other parties in advance of the disclosure of the confidential information.

(iii) Disclosure may be made to court reporters engaged for depositions and those persons, if any, specifically engaged for the limited purpose of making photocopies of documents. Prior to disclosure to any such court reporter or person engaged in making photocopies of documents, such person must agree to be bound by the terms of this Protective Order.

(iv) Disclosure may be made to consultants, investigators, or experts (hereinafter referred to collectively as "experts") employed by the parties or counsel for the parties to assist in the preparation and trial of the lawsuit. Prior to disclosure to any expert, the expert must be informed of and agree to be subject to the provisions of this Protective Order requiring that the documents and information be held in confidence.

(v) In addition, with respect to documents obtained pursuant to authorizations for the release of medical records signed by plaintiff (and therefore designated and marked as "CONFIDENTIAL" pursuant to paragraph 1(ii) of this Protective Order) disclosure may be made to any medical professional for whom a deposition in this case is planned. Prior to disclosure to any medical professional under this subsection, the medical professional must be informed of and agree to be subject to the provisions of this Protective Order requiring that the documents and information be held in confidence.

(5) Except as provided in Subparagraph (4), counsel for the parties must keep all documents designated as confidential which are received under this Protective Order secure within their exclusive possession and must place such documents in a secure area.

(6) All copies, duplicates, extracts, summaries, or descriptions (hereinafter referred to collectively as "copies") of documents or information designated as confidential under this Protective Order, or any portion thereof, must be immediately affixed with the word "CONFIDENTIAL" if that word does not already appear.

(7) To the extent that any answers to interrogatories, transcripts of depositions, responses to requests for admissions, or any other papers filed or to be filed with the Court reveal or tend to reveal information claimed to be confidential, these papers or any portion thereof must be filed under seal by the

5

filing party with the Clerk of Court in an envelope marked "SEALED." A reference to this Protective Order may also be made on the envelope.

(8) The designation of confidentiality by a party may be challenged by the opponent upon motion. The movant must accompany such a motion with the statement required by Civil L.R. 37.1. The party prevailing on any such motion will be entitled to recover as motion costs its actual attorneys fees and costs attributable to the motion.

(9) At the conclusion of the litigation, all material not received in evidence and treated as confidential under this Protective Order must be returned to the originating party. If at that time the parties have so stipulated, the material may instead be destroyed.

Dated at Milwaukee, Wisconsin, this 5th day of May, 2009.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge