# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

MELODY J. ROSE,

                Plaintiff,                Case No. 09-CV-142

    v.

STEVEN M. CAHEE, M.D., FOND DU        Jury Trial Demanded
LAC REGIONAL CLINIC, S.C., and
AGNESIAN HEALTHCARE, INC.

                Defendants.

## AMENDED COMPLAINT

Plaintiff Melody J. Rose ("Plaintiff" or "Rose") files this Amended Complaint against Defendants Steven M. Cahee, M.D., Agnesian HealthCare, Inc., and Fond du Lac Regional Clinic, S.C., (collectively, "Defendants") and alleges the following:

### PRELIMINARY STATEMENT AND JURISDICTION

1. This is an action brought under Title III of the Americans with Disabilities Act of 1990 (42 U.S.C. § 12181 *et seq.*); the Rehabilitation Act of 1973 (29 U.S.C. § 791 *et seq.*); Wisconsin Statutes § 106.52; and Wisconsin Statutes § 252.14.

2. As explained more fully below, this action stems from Defendants' unwarranted and discriminatory refusal to provide surgical health care services to Rose because she is infected with the human immunodeficiency virus ("HIV"). In early 2008, Rose was referred to Defendants to have her gallbladder removed to alleviate increasingly painful symptoms related to her gallstones. After learning of Rose's HIV disease, Defendants refused to perform the needed gallbladder surgery. Defendant Cahee

stated he would not perform the surgery because he was concerned Rose might infect him and/or his surgical team.  In refusing to provide surgical health care services based on Rose's HIV status, Defendants violated multiple statutes protecting the rights of people with HIV to remain free from discrimination.

3.  This Court has jurisdiction over the subject matter of Plaintiff's claims under the Americans with Disabilities Act ("ADA") and the Rehabilitation Act of 1973 ("Rehabilitation Act") pursuant to 28 U.S.C. §§ 1331 and 1343.  This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 because those claims are so related to Plaintiff's federal claims that they form part of the same case or controversy.

4.  This action is authorized by 42 U.S.C. § 12188; 29 U.S.C. § 794a; subsection 4 of Wisconsin Statutes § 252.14; and subsection 4(e) of Wisconsin Statutes § 106.52.

## VENUE

5.  Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims alleged herein occurred in this judicial district and division.  Venue is also proper in this Court pursuant to 28 U.S.C. § 1391(b) because one or more of Defendants reside in this judicial district and division.

## PARTIES

6.  At all times relevant to this complaint, Plaintiff Melody J. Rose has been a person living with HIV.  At all times relevant to this complaint, she has been diagnosed as having Acquired Immune Deficiency Syndrome ("AIDS").   Since approximately

October 23, 2007, Rose has been incarcerated at the Taycheedah Correctional Institution ("TCI") in Fond du Lac, Wisconsin.

7. On information and belief, Defendant Steven M. Cahee ("Cahee") is a physician licensed to practice medicine in Wisconsin. On information and belief, Cahee is board certified in general surgery. On information and belief, Cahee has an ownership interest in Fond du Lac Regional Clinic, S.C. On information and belief, Cahee resides in this state and in this judicial district.

8. On information and belief, Defendant Fond du Lac Regional Clinic, S.C. ("Fond du Lac Regional Clinic") provides health care services in Wisconsin. On information and belief, Fond du Lac Regional Clinic has its principal office in Fond du Lac, Wisconsin. On information and belief, Fond du Lac Regional Clinic is a corporation doing business in this state and in this judicial district.

9. On information and belief, Defendant Agnesian HealthCare, Inc. ("Agnesian HealthCare") provides health care services in Wisconsin. On information and belief, Agnesian HealthCare has its principal office in Fond du Lac, Wisconsin. On information and belief, Agnesian HealthCare owns and/or operates Fond du Lac Regional Clinic. On information and belief, Agnesian HealthCare is a corporation doing business in this state and in this judicial district.

## FACTS

10. At all times relevant to this complaint, Rose has been infected with HIV, the virus that causes Acquired Immune Deficiency Syndrome ("AIDS").

11. At all times relevant to this complaint, Rose has been diagnosed with AIDS (hereinafter, HIV and having an AIDS diagnosis are collectively referred to as "HIV/AIDS").

12. Rose has a physical impairment – HIV/AIDS – that substantially limits one or more of her major life activities.

13. In addition, at all times relevant to this complaint, Defendants regarded Rose as having a physical impairment that substantially limited one or more of her major life activities.

14. For several years, Rose has had medical problems related to her gallbladder. Some time prior to August 2007, as a result of those medical problems, Rose developed gallstones.

15. From in or about mid to late 2007, Rose suffered increasingly frequent pain and other medical symptoms as a result of her gallstones. By approximately late 2007, treatment of Rose's HIV/AIDS was complicated by the medical problems she was experiencing with her gallbladder. As a result, by the end of February 2008, Rose's treating physicians believed that Rose should have surgery to remove her gallbladder.

16. On or about February 28, 2008, Rose's primary care doctor at TCI referred Rose to Fond du Lac Regional Clinic for a consultation with a surgeon regarding removal of her gallbladder.

17. On information and belief, performing surgery to remove the gallbladder is within the scope of licensure and/or certification of Fond du Lac Regional Clinic.

18. On or about March 7, 2008, Rose met with Defendant Steven M. Cahee, MD, at the Fond du Lac Regional Clinic for consultation regarding removal of her gallbladder.

19. On information and belief, Cahee is an employee and/or agent of Fond du Lac Regional Clinic. On information and belief, Cahee is an employee and/or agent of Agnesian HealthCare.

20. On information and belief, performing surgery to remove the gallbladder is within the scope of Cahee's licensure and/or certification.

21. When Cahee met with Rose on or about March 7, 2008, Cahee asked Rose about her health history. Rose told Cahee that she is HIV-positive. In response to further inquiry by Cahee, Rose stated her recollection of her most recent viral load count.

22. After hearing about her HIV disease, Cahee told Rose he would not perform the surgery to remove her gallbladder because of the risk he asserted her HIV infection presented to him and his surgical team.

23. Cahee did not schedule an appointment for Rose to have surgery and/or any other treatment, nor did he schedule an appointment for further consultation or evaluation. No other representative of Fond du Lac Regional Clinic scheduled an appointment for Rose to have surgery, any other treatment, further consultation or evaluation.

24. Cahee had the authority, power and discretion to determine whether patients who had a consultation with him would be provided surgical health care services at Fond du Lac Regional Clinic.

5

25. As a result of Cahee's refusal to treat her, Rose experienced serious psychological and emotional distress.

26. On or around March 20, 2008, Rose met with her primary care doctor at TCI. At that time, her doctor referred Rose to the University of Wisconsin Hospital and Clinics regarding surgery to remove her gallbladder.

27. On or around April 17, 2008, Rose had a preliminary meeting with a medical professional at University of Wisconsin Hospital and Clinics regarding the removal of her gallbladder. This medical professional was aware of Rose's HIV status.

28. On or around June 2, 2008, a surgical team at the University of Wisconsin Hospitals and Clinics removed Rose's gallbladder. The surgeon who performed the surgery to remove Rose's gallbladder was aware of her HIV status.

29. During the almost three months between her consultation with Cahee and the removal of her gallbladder, Rose continued to experience periods of severe pain and other debilitating symptoms due to her gallstones.

30. TCI regularly sends inmates to Fond du Lac Regional Clinic for medical care. There is a reasonable likelihood Rose will be sent by TCI to Fond du Lac Regional Clinic for medical care in the future.

31. Because it is likely Rose will be sent to Defendants for medical care in the future, there exists a real and immediate threat of future injury if Defendants are not enjoined from discriminating against Rose based on her disability.

32. On information and belief, at all times relevant to this complaint, Agnesian HealthCare accepted funds from Medicare and/or Medicaid as payment for health care services it rendered to certain individuals. On information and belief,

Agnesian HealthCare continues to accept funds from Medicare and/or Medicaid as payment for health care services it renders to certain individuals.

33. On information and belief, at all times relevant to this complaint, Fond du Lac Regional Clinic accepted funds from Medicare and/or Medicaid as payment for health care services it rendered to certain individuals. On information and belief, Fond du Lac Regional Clinic continues to accept funds from Medicare and/or Medicaid as payment for health care services it renders to certain individuals.

## **FIRST CLAIM FOR RELIEF**
**(Against All Defendants)**

### **VIOLATION OF THE AMERICANS WITH DISABILITIES ACT**
**(Unlawful Discrimination in Public Accommodations)**

34. Plaintiff re-alleges paragraphs 1 – 33 of this Amended Complaint as if fully set forth herein.

35. As a result of her HIV/AIDS, Rose has a physical impairment that substantially limits one or more of her major life activities such that she is an individual with a disability within the meaning of the ADA.

36. In addition, Defendants regarded Rose as an individual with a disability within the meaning of the ADA.

37. Fond du Lac Regional Clinic is a place of public accommodation, within the meaning of the ADA.

38. On information and belief, at all times relevant to this complaint, each Defendant owned, operated, and/or leased the Fond du Lac Regional Clinic, within the meaning of the ADA.

39. Each Defendant denied Rose the full and equal enjoyment of the services, facilities and/or advantages of the Fond du Lac Regional Clinic on the basis of her disability.

40. By denying Rose the full and equal enjoyment of the services, facilities and/or advantages of a public accommodation on the basis of her disability, each Defendant violated Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq*.

**SECOND CLAIM FOR RELIEF**
**(Against All Defendants)**

**VIOLATION OF SECTION 504 OF THE REHABILITATION ACT**
**(Unlawful Discrimination by Recipients of Federal Financial Assistance)**

41. Plaintiff re-alleges paragraphs 1 – 33 of this Amended Complaint as if fully set forth herein.

42. As a result of her HIV/AIDS, Rose has a physical impairment that substantially limits one or more of her major life activities such that she is an individual with a disability within the meaning of the Rehabilitation Act.

43. In addition, Defendants regarded Rose as an individual with a disability within the meaning of the Rehabilitation Act.

44. In providing health care services at Fond du Lac Regional Clinic to individuals for whom payment is made through Medicare and/or Medicaid, each Defendant conducts a "program or activity" receiving federal financial assistance within the meaning of the Rehabilitation Act.

45. As of March 2008, Rose was otherwise qualified to receive the surgical health care services of the Defendants.

8

46. Each Defendant denied Rose the benefits of, and/or subjected Rose to discrimination in the provision of, the services of the program or activity conducted by that Defendant solely by reason of Rose's disability.

47. By denying Rose the benefits of, and/or subjecting her to discrimination in the provision of, the services of the program or activity it conducts solely because of her disability, each Defendant violated Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794.

### THIRD CLAIM FOR RELIEF
(Against All Defendants)

**VIOLATION OF WISCONSIN STATUTES § 106.52**
**(Unlawful Discrimination in Public Accommodations)**

48. Plaintiff re-alleges paragraphs 1 – 33 of this Amended Complaint as if fully set forth herein.

49. As a result of her HIV/AIDS, Rose has a physical impairment that substantially limits one or more of her major life activities such that she is an individual with a disability within the meaning of Wisconsin Statutes §§ 106.50, 106.52.

50. In addition, Defendants regarded Rose as an individual with a disability within the meaning of Wisconsin Statutes §§ 106.50, 106.52.

51. The Fond du Lac Regional Clinic is a public place of accommodation, within the meaning of Wisconsin Statutes § 106.52.

52. Each Defendant denied Rose the full and equal enjoyment of a public place of accommodation because of her disability.

53. By denying Rose the full and equal enjoyment of a public place of accommodation, each Defendant violated Wisconsin Statutes § 106.52.

## FOURTH CLAIM FOR RELIEF
### (Against All Defendants)

### VIOLATION OF WISCONSIN STATUTES § 252.14(2)(a)
(Discriminatory Treatment in Providing Health Care Services Based on HIV Status)

54. Plaintiff re-alleges paragraphs 1 – 33 of this Amended Complaint as if fully set forth herein.

55. Rose is HIV-positive. Rose also has been diagnosed with AIDS.

56. Each Defendant is a health care provider within the meaning of Wisconsin Statutes § 252.14. On information and belief, performing surgery to remove the gallbladder is within the scope of Defendant Cahee's licensure and/or certification. On information and belief, performing surgery to remove the gallbladder is within the scope of the Fond du Lac Regional Clinic's licensure and/or certification.

57. Defendants refused to perform surgery to remove Rose's gallbladder solely because Rose has HIV infection or a medical condition that is caused by, arises from, or is related to HIV infection. Defendants did so intentionally.

58. By refusing to remove her gallbladder solely because she has HIV infection or a medical condition that is caused by, arises from, or is related to HIV infection, Defendants violated Wisconsin Statutes § 252.14(2)(a).

## FIFTH CLAIM FOR RELIEF
### (Against All Defendants)

### VIOLATION OF WISCONSIN STATUTES § 252.14(2)(d)
(Discriminatory Treatment in Providing Health Care Services Based on HIV Status)

59. Plaintiff re-alleges paragraphs 1 – 33 of this Amended Complaint as if fully set forth herein.

60. Rose is HIV-positive. Rose also has been diagnosed with AIDS.

61. Each Defendant is a health care provider within the meaning of Wisconsin Statutes § 252.14. On information and belief, performing surgery to remove the gallbladder is within the scope of Defendant Cahee's licensure and/or certification. On information and belief, performing surgery to remove the gallbladder is within the scope of the Fond du Lac Regional Clinic's licensure and/or certification.

62. Defendants subjected Rose to indignity, including humiliating, degrading or abusive treatment, solely because Rose has HIV infection or a medical condition that is caused by, arises from, or is related to HIV infection. Defendants did so intentionally.

63. By refusing to remove her gallbladder and subjecting her to indignity, including humiliating, degrading or abusive treatment, solely because she has HIV infection or a medical condition that is caused by, arises from, or is related to HIV infection, Defendants violated Wisconsin Statutes § 252.14(2)(d).

**WHEREFORE**, Rose requests the following relief:

a) an injunction against Defendants, their agents and employees, preventing them from unlawfully discriminating against her based on her disability;

b) compensatory and actual damages in an amount to be determined at trial;

c) punitive damages pursuant to Wisconsin Statutes § 106.52;

d) exemplary damages to the full extent allowed under Wisconsin Statutes § 252.14;

e) costs and reasonable attorneys' fees; and

f) such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff requests a trial by jury on all matters as to which she is entitled by law.

Respectfully submitted, this 18th day of June, 2009,

 s/ Scott Schoettes
Scott A. Schoettes
Attorney for Plaintiff

| Scott A. Schoettes, Esq. | Peter M. Kimball, Esq. |
| Illinois Bar. No. 6282105 | Wisconsin Bar No. 1025413 |
| | |
| Lambda Legal Defense & Education Fund | AIDS Resource Center of Wisconsin |
| 11 East Adams, Suite 1008 | 820 N. Plankinton Ave. |
| Chicago, IL 60603-6303 | Milwaukee, WI  53203 |
| (312) 663-4413 (tel.) | (414) 225-1530 (tel.) |
| (312) 663-4307 (fax) | (414) 225-1632 (fax) |
| sschoettes@lambdalegal.org | peter.kimball@arcw.org |

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF WISCONSIN

CERTIFICATE OF SERVICE

      I hereby certify that on June 18, 2009, I electronically filed the foregoing with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

    Peter M. Kimball
    Attorney for Plaintiff Melody J. Rose

    Laurie J. McLeRoy
    Attorney for Agnesian Healthcare, Inc.

    Terri L. Weber
    Attorney for Defendants Steven M. Cahee, M.D. and Fond du Lac Regional Clinic, S.C.

    William R. Wick
    Attorney for Defendants Steven M. Cahee, M.D. and Fond du Lac Regional Clinic, S.C.


s/ Scott Schoettes_____
Scott A. Schoettes
Illinois Bar No. 6282105
Attorney for Plaintiff
LAMBDA LEGAL DEFENSE & EDUCATION FUND, INC.
11 E. Adams St., Suite 1008
Chicago, IL 60603-6303
(312) 663-4413 (tel.)
(312) 663-4307 (fax)
sschoettes@lambdalegal.org