UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

_____

MELODY J. ROSE,

        Plaintiff,

v.                                                 Case No. 09-CV-142

STEVEN M. CAHEE, M.D.,
FOND DU LAC REGIONAL CLINIC, S.C.,
and AGNESIAN HEALTHCARE, INC.,

        Defendants.

_____

## ORDER

On October 26, 2009, defendants filed an expedited motion asking the court to compel plaintiff Melody Rose ("Rose") to appear for an independent psychological examination, pursuant to Federal Rule of Civil Procedure 35. The defendants assert that such an exam is necessary and appropriate because Rose's mental condition is in controversy. Rose opposes a psychological examination and argues that she seeks damages only for dignitary harm and emotional pain and distress, which do not reach the standard required to compel a mental exam under Rule 35. However, the court finds that Rose placed her mental condition "in controversy" and that good cause exists for ordering her to submit to a psychological exam.

Rose filed the underlying suit alleging violations of the Americans with Disabilities Act, the Rehabilitation Act, and a number of Wisconsin anti-discrimination statutes. Rose's claims arise from the defendants' refusal to surgically remove her gallbladder or to provide medical treatment because she has

human immunodeficiency virus (HIV). As part of her action, Rose asserts that she experienced emotional distress based on the defendants' refusal to treat her. The defendants assert that this claim places Rose's mental condition in controversy and requires a psychological examination to determine the emotional injuries and suffering caused by the defendants' refusal of care.

A court may order a party whose mental condition is in controversy to submit to a mental examination upon a motion for good cause. Fed. R. Civ. P. 35(a)(1). Rose alleges that she experienced "serious psychological and emotional distress" as the result of the defendants' actions. (Am. Compl. ¶ 25). Thus, she asserts a mental injury and places her mental status in controversy. *See Schlagenhauf v. Holder*, 379 U.S. 104, 119 (1964) (stating that a plaintiff who asserts mental or physical injury "places that mental or physical injury clearly in controversy and provides the defendant with good cause for an examination to determine the existence and extent of such asserted injury."). Indeed, the issue is in controversy because the extent of Rose's psychological and emotional distress will impact any eventual calculation of damages. *See Jansen v. Packaging Corp. of America*, 158 F.R.D. 409, 410 (N.D. Ill. 1994) (granting the defendant's motion to compel a psychological exam of the plaintiff in a sexual discrimination action alleging ongoing emotional distress, and stating: "There is no question that by advancing such intangible harms as a component of her damages claim [the plaintiff] has not only placed her mental condition 'in controversy' but has confirmed the existence of 'good cause'").

Rose correctly assets that a plaintiff does not necessarily place her mental condition "in controversy" by alleging damages arising from natural distress, humiliation, and embarrassment suffered as a result of discriminatory treatment. *See Nolan v. Int'l Brotherhood of Teamsters Health & Welfare & Pension Funds*, 199 F.R.D. 272, 276 (N.D. Ill. 2001). However, Rose does not confine her claims to these damages. Instead, Rose claims "serious psychological and emotional distress" and alleges continuing emotional harm, a deterioration in her mental state, and an increase in her medications following the defendants' refusal to provide her with care. (Am. Compl. § 25; Weber Aff., Exs. A, C, Docket #33). Though an examination is not required in every case where a victim of discrimination simply alleges some emotional impact from the experience, Rose's allegations are not so limited. Rose does not restrict her claim of psychological injuries or distress to mere "run-of-the mill discomfort caused by unpleasant circumstances." Therefore, the court must assume that she places her mental state in controversy. *Nolan*, 199 F.R.D. at 276.

The court also finds that good cause also exists for compelling Rose to submit to a psychological examination. Rose placed her mental condition in controversy by alleging "serious" psychological impacts. Consequently, the defendants appropriately pursue a psychological examination to determine the extent and nature of any resulting mental or emotional injuries. This is true despite Rose's arguments that she does not intend to present expert testimony regarding her emotional injuries and that the defendants already have access to her mental health records. The

defendants assert that the current records are insufficient to determine the extent of Rose's continuing mental deterioration, and provide the affidavit of Dr. Timothy Lynch, P.h.D., attesting to this conclusion. (Lynch Aff., Ex. F, Docket #33). Thus, "good cause" exists for a psychological examination.

The defendants ask the court to compel Rose to appear for a psychological examination of no more than four hours, conducted by Dr. Lynch. The defendants specify that the requested testing will not include internally invasive physical testing or blood work, but will include history taking, observation and psychological testing. The court finds the proposed scope of the examination to be appropriate and will grant the request as specified.

Accordingly,

**IT IS ORDERED** that the defendants' motion to compel the plaintiff to appear for an independent psychological examination (Docket #32) be and the same is hereby **GRANTED**.

Dated at Milwaukee, Wisconsin, this 9th day of November, 2009.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge