IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

MELODY J. ROSE,

        Plaintiff,

v.

STEPHEN M. CAHEE, M.D.,
FOND DU LAC REGIONAL CLINIC, S.C.,
and AGNESIAN HEALTHCARE, INC.,

        Defendants.

**Case No. 09-CV-0142**

---

**AFFIDAVIT OF TERRI L. WEBER IN SUPPORT OF MOTION TO BAR THE PLAINTIFF FROM NAMING ANY PSYCHOLOGIST EXPERTS IN REBUTTAL**

---

STATE OF WISCONSIN  )
                                ) SS
MANITOWOC COUNTY   )

Terri L. Weber, being first duly sworn on oath, states as follows:

1. That I am an attorney licensed to practice law in the State of Wisconsin and in the Eastern District of Wisconsin and I am one of the attorneys representing Steven M. Cahee, M.D. and Fond du Lac Regional Clinic, S.C. in this matter and make this affidavit on their behalf in support of their Motion To Bar the Plaintiff from Naming any Psychologist Experts in Rebuttal.

2. That attached hereto as Exhibit A is a true and correct copy of a letter dated October 7, 2009, from Attorney Terri Weber to Attorney Scott Schoettes that sets forth Dr. Cahee's intention to schedule an independent medical evaluation of Ms. Rose with Dr. Timothy Lynch.

3. That attached hereto as Exhibit B is a true and correct copy of an e-mail exchange dated October 9, 2009 between Attorney Terri Weber and Attorney Scott Schoettes.

4. That attached hereto as Exhibit C is a true and correct copy of a letter from Attorney Schoettes to Attorney Weber, dated October 14, 2009, indicating that he understood the examination would involve the doctor's interrogation of the plaintiff.

5. That attached hereto as Exhibit D is a true and correct copy of a letter from Attorney Schoettes to Attorney Weber, dated December 7, 2009, in which Attorney Schoettes states he wanted to obtain Dr. Lynch's testimony before retaining his own psychologist.

6. That this Affidavit is made in support of the Defendants' Motion to Bar the Plaintiff from Naming any Psychologist Experts in Rebuttal.

*s/Terri L. Weber*

Terri L. Weber

Subscribed and sworn to before me
this 2nd day of February, 2010.

*s/Brenda S. Dahm*

Brenda S. Dahm, Notary Public
Manitowoc County, Wisconsin
My Commission Expires: 9/4/11

2

# NASH SPINDLER GRIMSTAD & McCRACKEN LLP
## ATTORNEYS AT LAW

PAUL H. GRIMSTAD
(1944-2009)
ROBERT L. McCRACKEN
WILLIAM R. WICK
JOHN F. MAYER
CHRISTOPHER R. BANDT
JEREMY T. GILL
TERRI L. WEBER
ERIC G. NYCZ
JACQUELINE L. SEHLOFF
RYAN R. GRAFF
JUSTIN F. WALLACE

EST. IN 1872

201 East Waldo Boulevard
Manitowoc, WI 54220-2992
Telephone (920) 684-3321
Facsimile (920) 684-0544

Direct Line (920) 683-5800
Terri L. Weber Ext. 323
Tracey L. Narten Ext. 327

TWeber@Nashlaw.com
TNarten@Nashlaw.com

October 7, 2009

Mr. Scott A. Schoettes
Lambda Legal Defense & Education Fund, Inc.
11 East Adams, Suite 1008
Chicago, IL 60603-6303

**RE: Rose v. Cahee, M.D., et al.**
   **Case No.: 09-C-0142**

Dear Mr. Schoettes:

We would like to schedule an independent medical examination of Ms. Rose with Dr. Timothy Lynch. Dr. Lynch has currently set aside October 27, 2009, at 11:30 a.m. **or** November 10, 2009, at 11:30 a.m. for that IME. The IME would be at Dr. Lynch's office which is located at:

> 1155 North Mayfair Road (Second Floor)
> Milwaukee, Wisconsin 53092

Dr. Lynch cannot hold those dates indefinitely so please advise as soon as possible regarding Ms. Rose's availability.

Thank you for your anticipated cooperation in this regard.

Very truly yours,

NASH, SPINDLER, GRIMSTAD & McCRACKEN, LLP

By: Terri L. Weber

TLW/tln
cc:  Mr. Peter M. Kimball
     Ms. Rebekah Kopec-Farrell
     Ms. Laurie J. McLeRoy
     Mr. Steven P. Sager


EXHIBIT A

-----Original Message-----
From: SSchoettes@lambdalegal.org <SSchoettes@lambdalegal.org>
Sent: Friday, October 09, 2009 2:44 PM
To: Terri Weber <TWeber@nashlaw.com>
Subject: RE: Rose v. Cahee

Dear Ms. Weber:

I cannot properly evaluate your proposal or advise my client with respect to subjecting herself to a medical examination until I have a sufficient amount of information regarding the examination you are proposing. As I stated in my previous email, I do not think that such an examination is warranted by this case – a case in which Plaintiff is not claiming any ongoing physical pain, suffering or debilitation resulting from Defendants' conduct, nor any damages for dignitary harm, emotional distress and humiliation beyond that which any person would suffer after experiencing the kind of discrimination at issue here.

If you are indeed unwilling to engage in a dialogue regarding the reasons Defendants believe they have good cause to force Ms. Rose to undergo such an examination (as well as a discussion of the scope, manner, and conditions of the proposed examination), then I do not see how we can reach an agreement. It would be unfortunate to take up the Court's time unnecessarily, so if Defendants are willing to explain the reasons they believe an examination is justified and to state their desired parameters for such an examination, Plaintiff will consider those and respond to you promptly.

Sincerely,

Scott Schoettes
Staff Attorney, HIV Project
Lambda Legal Defense & Education Fund
11 East Adams, Suite 1008
Chicago, IL 60603-6303
312.663.4413 x322
312.663.4307 (fax)
sschoettes@lambdalegal.org

Lambda Legal: Making the Case for Equality www.lambdalegal.org

CONFIDENTIALITY NOTICE: This email transmission from Lambda Legal Defense and Education Fund, Inc., and any documents, files or previous email messages attached to it may contain confidential information that is legally privileged. If you are not the intended recipient, or a person

1



responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of any of the information contained in or attached to this transmission is STRICTLY PROHIBITED. If you have received this transmission in error, please immediately notify us by reply email or by telephone at 212-809-8585, ext.
218, and destroy the original transmission and its attachments without reading or saving it in any manner.


"Terri Weber" <TWeber@nashlaw.com>
10/08/2009 09:16 AM

To
<SSchoettes@lambdalegal.org>
cc

Subject
RE: Rose v. Cahee


Dear Mr. Schoettes,
Bill has asked to get the IME scheduled. I understand Rule 35, although thank you for your willingness to advise. It seems the part you are not acknowledging is that most clients follow the advise of counsel, and as you recognize, we can stipulate so that we need not take up the court's time. Please advise.

Terri L. Weber
Attorney
Nash, Spindler, Grimstad & McCracken, LLP
(920) 683-5800 Ext. 323 Direct
(920) 242-8219 Cell Phone
PRIVILEGED AND CONFIDENTIAL COMMUNICATION:
This electronic transmission, and any documents attached hereto, may contain confidential and/or legally privileged information. The information is intended only for use by the recipient named above. If you have received this electronic message in error, please notify the sender and delete the electronic message. Any disclosure, copying, distribution, or use of the contents of the information received in error is strictly prohibited.


From: SSchoettes@lambdalegal.org [mailto:SSchoettes@lambdalegal.org]
Sent: Wednesday, October 07, 2009 4:04 PM
To: Terri Weber
Subject: Re: Rose v. Cahee


Dear Ms. Weber:

I am not sure yet whether Plaintiff will agree to an examination without

2

Defendants following the procedure set forth in Rule 35. In our conversation yesterday, I requested more information from you regarding the proposed examination, and you responded that I would have to speak with Mr. Wick about that because you were merely setting up the examination at his request.

Rule 35 does require an order from the Court, although that does not preclude the parties from reaching an agreement concerning an independent medical examination without the involvement of the Court. Before I can even consider agreeing to produce my client for an examination, I need more information about why an examination is requested, as well as information about the manner, condition, and scope of the examination Defendants are requesting. Frankly, at this time I do not understand why Defendants believe that an IME would be necessary and appropriate in this case, but I would be interested in hearing why Defendants believe that they have good cause for requesting an examination.

Sincerely,


Scott Schoettes
Staff Attorney, HIV Project
Lambda Legal Defense & Education Fund
11 East Adams, Suite 1008
Chicago, IL 60603-6303
312.663.4413 x322
312.663.4307 (fax)
sschoettes@lambdalegal.org

Lambda Legal: Making the Case for Equality
www.lambdalegal.org

CONFIDENTIALITY NOTICE: This email transmission from Lambda Legal Defense and Education Fund, Inc., and any documents, files or previous email messages attached to it may contain confidential information that is legally privileged. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of any of the information contained in or attached to this transmission is STRICTLY PROHIBITED. If you have received this transmission in error, please immediately notify us by reply email or by telephone at 212-809-8585, ext. 218, and destroy the original transmission and its attachments without reading or saving it in any manner.


"Terri Weber" <TWeber@nashlaw.com>
10/07/2009 09:34 AM


To
<sschoettes@lambdalegal.org>
cc

Subject
Rose v. Cahee

Attorney Schoettes,
Just so I am clear in regards to the IME. Are you objecting to the IME and requiring me to file a motion pursuant to Rule 35?

Terri L. Weber
Attorney
Nash, Spindler, Grimstad & McCracken, LLP
(920) 683-5800 Ext. 323 Direct
(920) 242-8219 Cell Phone

PRIVILEGED AND CONFIDENTIAL COMMUNICATION:
This electronic transmission, and any documents attached hereto, may contain confidential and/or legally privileged information. The information is intended only for use by the recipient named above. If you have received this electronic message in error, please notify the sender and delete the electronic message. Any disclosure, copying, distribution, or use of the contents of the information received in error is strictly prohibited.

4


**Lambda Legal**
making the case for equality

October 14, 2009

Terri L. Weber
Nash, Spindler, Grimstad & McCracken, LLP
201 East Waldo Boulevard
Manitowoc, WI 54220

      RE:    *Rose v. Cahee, et al*,
               Case No. 09-CV-0142

Dear Ms. Weber:

This letter serves to memorialize our conversation that took place earlier this afternoon regarding an Independent Medical Examination ("IME") of the plaintiff, Melody J. Rose, in the above-referenced case.

Based on your letter of October 13, 2009, as well as our conversation today, I understand that the Defendants are seeking to conduct a psychological evaluation of Ms. Rose (the precise parameters of which are somewhat unclear to me but, to my understanding, would involve the doctor's interrogation of the Plaintiff, including "an extensive history and testing which may include in part an MMPI and/or other psychological testing.")

As I stated in earlier emails and reiterated during our telephone conversation today, our position is that the Defendants do not have good cause to subject Ms. Rose to such an examination merely because she is seeking damages for dignitary harm, emotional distress and humiliation based on the discrimination she experienced as a result of her interaction with the Defendants. As I also stated during our conversation, my quick review of the recent case law on Rule 35 indicates that courts are very reluctant to order an IME in discrimination cases based solely on a plaintiff's allegations of what those courts view as the ordinary types of emotional and dignitary harms arising from such discrimination. Therefore, Plaintiff will not agree to participate in the IME you are proposing in this case.

If the Defendants nonetheless intend to pursue an IME – and, based on your statements in today's conversation, it is my understanding that Defendants do so intend – you will need to seek a court order, under Rule 35, requiring Plaintiff to appear for and participate in such an examination.

Sincerely,

Scott Schoettes
Staff Attorney, Lambda Legal

cc:     Laurie J. McLeRoy
MIDWEST REGIONAL OFFICE 11 EAST ADAMS, SUITE 1008, CHICAGO, IL 60603-6303 T 312-663-4413 F 312-663-4307 WWW.



EXHIBIT C



December 7, 2009

Terri L. Weber
Nash, Spindler, Grimstad & McCracken, LLP
201 East Waldo Boulevard
Manitowoc, WI 54220

  RE: *Rose v. Cahee, et al,*
    Case No. 09-CV-0142

Dear Ms. Weber:

This letter is in response to your letter dated November 24, 2009, and confirms that Ms. Rose will attend the mental health evaluation scheduled for 11:30 a.m. on December 22, 2009, in the offices of Dr. Timothy Lynch, located at 1155 North Mayfair Road (Second Floor), Milwaukee, WI 53092.

With respect to the disclosure of rebuttal expert(s) relating to the subjects of Dr. Lynch's report, I initially proposed that Plaintiff have sixty (60) days to disclose a rebuttal expert because that is the length of time between expert disclosures and rebuttal expert disclosures all of the parties had agreed to in the scheduling order entered by the Court. I understand, however, your desire to leave an ample amount of time to depose any rebuttal expert(s) before the close of discovery, and acknowledge that it was Plaintiff's inability to attend the previously scheduled examinations that created this predicament. I, therefore, propose that we shorten the time period for disclosure of Plaintiff's rebuttal with respect to Dr. Lynch's report from sixty (60) to forty-five (45) days. If we receive Dr. Lynch's full report by January 5, 2010, as promised, Plaintiff's rebuttal expert disclosures would be due February 15, 2010, thereby giving Defendants 45 days after that disclosure before the close of discovery.

Also, I note that Defendants provided a partial report from Dr. Lynch as part of their expert disclosures. I want to affirm my understanding that the new deadline for disclosure of a rebuttal expert(s) relating to Dr. Lynch's report will apply to the entirety of Dr. Lynch's report, including the portions provided in the expert disclosures sent on December 1, 2009.

If all of the above is acceptable to you, please confirm by letter or email.

Sincerely,

Scott Schoettes
Staff Attorney, Lambda Legal

cc: Laurie J. McLeRoy

MIDWEST REGIONAL OFFICE 11 EAST ADAMS, SUITE 1008, CHICAGO, IL 60603-6303 T 312-663-4413 F 312-663-4307 WWW.

EXHIBIT D