UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
_____

MELODY J. ROSE,

        Plaintiff,

v.                                                           Case No. 09-CV-142

STEVEN M. CAHEE, M.D.,
FOND DU LAC REGIONAL CLINIC, S.C.,
and AGNESIAN HEALTHCARE, INC.,

        Defendants.
_____

## ORDER

Defendants Dr. Steven Cahee and Fond du Lac Regional Clinic filed this motion asking the court to bar plaintiff Melody Rose ("Rose") from naming a psychologist as a rebuttal expert witness in her case. Plaintiff Rose filed the underlying action alleging violations of the Americans with Disabilities Act, the Rehabilitation Act, and a number of Wisconsin anti-discrimination statutes based on the defendants' refusal to provide medical treatment or surgically remove her gallbladder because Rose has Human Immunodeficiency Virus (HIV). In her complaint, Rose alleged that she suffered "serious psychological and emotional distress," as well as continuing emotional harm and deterioration of her mental state. The defendants filed a motion in October 2009 asking the court to compel Rose to appear for an independent psychological examination. The court granted this request after finding that Rose placed her mental condition "in controversy." Rose chose not to name an expert witness regarding her emotional distress or

psychological injuries. The defendants, however, named as an expert witness Dr. Timothy Lynch, the psychologist who conducted the independent psychological examination of Rose. The defendants also filed a prospective motion to bar Rose from naming any rebuttal expert witness to refute Dr. Lynch's testimony. Based on the reasoning set forth below, the court will deny this request.

The court finds that prohibiting Rose from naming a rebuttal expert witness is inappropriate and that any challenge to the content of the rebuttal expert's testimony is premature. A party is entitled to name a rebuttal expert witness for legitimate purposes, such as refuting the testimony, opinion, or theory of the opposing party's expert witness. Federal Rule of Civil Procedure 26 governs the disclosure of expert witnesses and suggests that the important consideration is whether the "evidence is intended solely to contradict or rebut evidence on the same subject matter identified by" the opposing party's expert witness. Fed. R. Civ. P. 26(a)(2)(C)(ii). At this stage, the court cannot definitively find that the testimony of an expert rebuttal witness will be offered for inappropriate purposes. As the defendants point out, Rose did not name an expert witness to testify regarding her emotional distress or psychological injuries. However, this fact is irrelevant because Rose is not required to name such an expert, and the defendants fail to provide legal support for the contention that a plaintiff who does not call an expert witness is utterly prohibited from naming a rebuttal expert.

The defendants assert that naming a rebuttal expert without first naming an expert witness will allow Rose to impermissibly enter case-in-chief evidence via a

rebuttal witness. They allege that Rose "intends to name a psychologist in rebuttal to bolster the allegations of injury she made in her Amended Complaint." (Defs.' Mot. Bar Rebuttal, at 2). However, the defendants' arguments are supported by nothing more than mere speculation at this point. Rose has not yet named a rebuttal expert and the testimony which the unnamed rebuttal expert would provide is unknown, rendering the defendants' motion premature.

The defendants disagree and argue that any testimony provided by a rebuttal expert witness is necessarily submitted in support of Rose's case-in-chief because she placed her mental condition "in controversy." Therefore, the defendants conclude, the court must prohibit Rose from naming any expert rebuttal witness, regardless of whether the rebuttal expert limits his or her testimony to refuting Dr. Lynch's opinions or theories. The defendants cite *Braun v. Lorillard, Inc.*, 84 F.3d 230 (7th Cir. 1996), in support of their position. In *Braun*, the court denied the plaintiff's attempts to introduce the testimony of a rebuttal expert witness, and stated: "the plaintiff who knows that the defendant means to contest an issue that is germane to the prima facie case (as distinct from an affirmative defense) must put in his evidence on the issue as part of his case in chief." *Id*. However, in *Braun*, the plaintiff first attempted to call the witness as part of her case-in-chief, but the court excluded the testimony because the plaintiff did not indicate her intention to call the witness until "nearly the eve of trial," and then failed to establish good cause for the delay. 84 F.3d at 236. After failing to obtain approval for the witness as part of the case-in-chief, the plaintiff attempted to call the witness in rebuttal. *Id*. at 237. The

-3-

Case 2:09-cv-00142-JPS   Filed 04/05/10   Page 3 of 5   Document 99

court saw through this ploy and prohibited the plaintiff from presenting testimony from the contested witness. The Seventh Circuit Court of Appeals upheld the district court's decision to exclude the witness because the delay in identifying him came as a surprise to the defendants and complicated their trial preparations. *Id.* at 236.

*Braun* is easily distinguishable from the situation at issue here because the same concerns do not arise. First, Rose is not clearly attempting to enter case-in-chief testimony through the "back door" as rebuttal testimony, in contrast to the plaintiff in *Braun*. The contested witness in *Braun* was a fact witness and not an expert witness. *See* 84 F.3d at 236. Thus, the district court could easily conclude that the plaintiff's belated attempt to call the witness in rebuttal was disingenuous. In the instant case, the propriety of rebuttal expert witness testimony depends on whether the testimony is entered to refute the opinion or theory of the defense's expert witness.

Second, unlike the plaintiff in *Braun*, Rose is not naming a rebuttal expert on the eve of trial. The defendants in the instant case filed their motion two months prior to the close of discovery. Further, they agreed to extend the time for Rose to name a rebuttal expert witness. Thus, the naming of a rebuttal expert will neither surprise the defendant, nor hamper their ability to prepare for trial.

Additionally, Rose's failure to name a rebuttal expert witness in compliance with the dates set forth in the court's scheduling order does not require the court to prohibit Rose from ever naming such a witness. The defendants argue that the late disclosure of a rebuttal expert witness inherently causes prejudice and should not

-4-

Case 2:09-cv-00142-JPS   Filed 04/05/10   Page 4 of 5   Document 99

be allowed. The defendants are correct in asserting that the deadlines for naming expert witnesses have passed. The court issued a scheduling order directing the parties to make expert disclosures by December 1, 2009, and rebuttal expert disclosures by February 2, 2010. However, this does not tell the whole story because the parties agreed to new disclosure dates. The parties altered the applicable dates between themselves because the defendants' expert witness, Dr. Timothy Lynch, was unable to examine Rose until February 2, 2010. They agreed to extend the time for Rose to name a rebuttal witness until March 12, 2010. (Pl.'s Opp'n Br., at 1; Defs.' Reply Br., at 5). Therefore, the defendants were aware of, and agreed to, a deviation from the court's schedule. They cannot now claim prejudice resulting from the disclosure of a rebuttal expert beyond the deadline because they unilaterally agreed to alter the court's scheduled cut-off dates.

Accordingly,

**IT IS ORDERED** that the defendants' motion to bar the plaintiff from naming any psychological experts in rebuttal (Docket #62) be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 5th day of April, 2010.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge

-5-

Case 2:09-cv-00142-JPS    Filed 04/05/10    Page 5 of 5    Document 99