UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MELODY J. ROSE,

    Plaintiff,

v.    Case No. 09-CV-142

STEVEN M. CAHEE, M.D.,
FOND DU LAC REGIONAL CLINIC, S.C.,
and AGNESIAN HEALTHCARE, INC.,

    Defendants.

# ORDER

On September 17, 2010, defendant Agnesian Healthcare, Inc. ("Agnesian") filed a Civil Local Rule 7(h) expedited Motion to Bifurcate on the Issue of Agency (Docket #128), pursuant to Federal Rule of Civil Procedure 42(b). This case arises from alleged discrimination by Steven M. Cahee, M.D. ("Dr. Cahee") in refusing to treat plaintiff Melody J. Rose ("Rose"). (Am. Compl. ¶ 2) (Docket #22). Rose alleges discrimination based on her HIV status. *Id.* She further alleges that Dr. Cahee is an agent of Agnesian. *Id.* at ¶ 19. Agnesian requests that the court bifurcate the issue of agency from the merits so that if Agnesian is not found to be liable for Dr. Cahee's conduct, it may be dismissed prior to trying the merits.

Trials may be bifurcated "[f]or convenience, to avoid prejudice, or to expedite and economize." Fed R. Civ. P. 42(b). Bifurcation is discretionary unless doing so will prejudice the non-moving party or violate the Seventh Amendment. *Chlopek v. Fed. Ins. Co.*, 499 F.3d 692, 700 (7th Cir. 2007). As this court has observed before,

"bifurcation remains the exception and not the rule." *Estate of Watts v. Heine*, 2008 WL 4056317 at *1 (E.D. Wis. 2008).

Agnesian argues that bifurcation, if no agency is found, will reduce the number of witnesses needed later, simplify the issues for the jury, and will prevent prejudice to Agnesian by preventing the presentation of agency and damages evidence concurrently. Rose responds that bifurcation will in fact lengthen the trial by requiring a second proceeding for an issue that will take little time to present, separate two issues for which evidence is intertwined, likely require seven witnesses to appear for two separate proceedings, and prejudice Rose by allowing Agnesian to put on part of its case before the plaintiff as well as forcing her to prepare for trial twice. The court agrees that ordering bifurcation would in fact do a disservice to economy. The extra time required to prepare for two proceedings, in addition to the inconvenience to a number of witnesses as well as the costs likely to be incurred by Rose as a result, counsel against bifurcating the proceeding. These considerations outweigh those put forward by Agnesian. Though Agnesian may prefer to avoid a jury hearing evidence of liability before deciding agency, it has not shown any convenience extending beyond its own that would result from bifurcation. The alleged prejudice of presenting liability and agency evidence together is not persuasive either. The wiser exercise of discretion is to deny the motion, and the court does so.

Accordingly,

**IT IS ORDERED** that the defendant's Motion to Bifurcate on the Issue of Agency (Docket #128) be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 4th day of October, 2010.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge